UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MCCRITE,<br><br>    Plaintiff,<br><br>  v.<br><br>CORRECTIONAL SERVICES CORPORATION, PERSONNEL JOHN DOES, individually and as agents of CORRECTIONAL SERVICES CORPORATION, OFFICERS JOHN DOES, individually and as agents of the PULASKI COUNTY SHERIFF'S DEPARTMENT, and the COUNTY OF PULASKI,<br><br>    Defendants. | Case No. 05-cv-4192-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the stipulation of dismissal (Doc. 9) pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) filed by plaintiff Robert McCrite and defendant Correctional Service Corporation. However, Rule 41(a)(1) is inapplicable in that it speaks only of dismissing "an action" and not dismissing one claim or one defendant and it requires that the stipulation be signed by all parties who have appeared in the action. The tendered stipulation seeks to dismiss only one party and does not bear the signatures of all parties who have appeared in this action. To remedy this deficiency, the Court construes the stipulation as an agreed motion to voluntarily dismiss with prejudice pursuant to Rule 41(a)(2) all claims against defendant Correctional Services Corporation. Rule 41(a)(2) provides that only the Court may dismiss an action after an adverse party has filed an answer or motion for summary judgment or in the absence of a stipulation of dismissal of the entire action signed by all parties who have appeared.

The Court hereby **GRANTS** the motion to dismiss (Doc. 9), **DISMISSES with**

**prejudice** all claims against defendant Correctional Services Corporation, and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.  Defendant Correctional Services Corporation is terminated from this action.

In addition, the Court notes that the stipulation does not comply with Electronic Case Filing ("ECF") procedures.  Each page of the single two-page document has been filed separately.  The entire document should have been filed as a single document.  In addition, the stipulation contains a signature line for the Court to approve the stipulation.  Such a document is incompatible with the Court's docketing system.  That is why Local Rule 7.1(a) specifies, "All motions shall be accompanied by a proposed order *on a separate sheet of paper* with the full style of the case."  (emphasis added).  Pursuant to page 12 of the ECF User's Manual, this separate proposed order must be e-mailed to the respective judge's e-mail box.  The Court **WARNS** McCrite that future filings that do not comply with all applicable rules may be summarily stricken.

**IT IS SO ORDERED.**
**DATED:  April 18, 2006**

                                       s/ J. Phil Gilbert
                                       **J. PHIL GILBERT**
                                       **DISTRICT JUDGE**