IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MCCRITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 05-CV-4192-JPG |
| | ) |
| GRW CORPORATION, PERSONNEL JOHN | ) |
| DOES, individually and as agents of GRW | ) |
| CORPORATION, OFFICERS JOHN DOES, | ) |
| individually and as agents of the PULASKI | ) |
| COUNTY SHERIFF'S DEPARTMENT, and | ) |
| the COUNTY OF PULASKI, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant GRW Corporation's ("GRW") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 32).  Plaintiff Robert McCrite ("McCrite") has responded to the motion (Doc. 36).  Pursuant to the Court's request for further briefing at a March 7, 2007, conference, the parties have also submitted additional briefing on the statute of limitations issue (Docs. 38, 39 & 40), which the Court also considers in ruling on the pending motion to dismiss.

I.      **Standard for Dismissal**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations as true and draws all reasonable inferences in favor of the plaintiff.  *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005);  *Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir. 2000).  The Court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove his claim under any set of facts consistent with the complaint.  *Brown*, 398 F.3d at 908-09;  *Holman*, 211 F.3d at 405.

Although liberal federal notice pleading standards ensure that even vague, non-detailed complaints can survive a motion to dismiss, they will not prevent dismissal of complaints that plead too much.  A case can be dismissed because a complaint pleads facts establishing that the defendant is entitled to prevail.  *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998);  *Soo Line R.R. Co. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997);  *see Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006) ("A plaintiff pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits.").

## II.    Alleged Facts

The allegations in the First Amended Complaint establish the following relevant facts.

From September 25, 2003, to October 9, 2003, McCrite was incarcerated at the Tri-County Detention Center.  He complained to sheriff's deputies and jail personnel that he needed medical treatment for renal insufficiency, but those officials did not arrange for any sort of treatment.  As a consequence, McCrite suffered nausea, poor appetite, edema in his lower extremities, pain in his chest, abdominal tenderness, back pain and hematemesis, and on October 9, 2003, he was taken to the hospital, where he stayed until October 14, 2003.

On October 11, 2005, McCrite filed this lawsuit under 42 U.S.C. § 1983 against defendants other than GRW alleging that between September 25, 2003, and October 9, 2003, they were deliberately indifferent to his serious medical needs in violation of the Eighth or Fourteenth Amendment.[1]  He originally sued Correctional Services Corporation ("CSC")

---

[1]It is unclear whether McCrite was a pretrial detainee or a convicted person during his detention.  While the Eighth Amendment protects prisoners from deliberate indifference to a serious medical need, arrestees and pretrial detainees are given similar protections under the Fourteenth Amendment's due process clause.  *Chapman v. Keltner*, 241 F.3d 842 (7th Cir. 2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Zentmyer v. Kendall Co.*, 220 F.3d 805, 810

believing that it was the operator of the Tri-County Detention Facility.  McCrite amended his

complaint on May 9, 2006, to add GRW as a defendant.  GRW was the actual operator of the

Tri-County Detention Center.

GRW asks the Court to dismiss McCrite's suit on the ground that the First Amended

Complaint was filed beyond the two-year statute of limitations for § 1983 actions.  McCrite

responds that his First Amended Complaint should relate back to his original pleading, which he

believes was timely filed.

**III.    Analysis**

The Court first addresses whether the original complaint was timely filed, then whether

the amended complaint relates back to the original complaint as to GRW.

A.    Timeliness of Original Complaint

At the hearing on March 9, 2007, the Court asked the parties to brief the issue of whether

the original complaint was timely filed.  Federal civil rights claims arising in Illinois are subject

to the state two-year personal injury limitation period under 735 ILCS 5/13-202.  *Henderson v.*

*Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001);  *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985).

McCrite filed this lawsuit two years and two days after the end of the period in which he alleges

the defendants were deliberately indifferent to his serious medical needs.

The first issue when a statute of limitations is in question is accrual, for that is when the

statute of limitations begins to run.  Invoking the discovery rule, McCrite argues that his cause of

action did not accrue until well after he was released from custody when he discovered he

---

(7th Cir. 2000)).  For brevity's sake, in this order, the Court will refer to the rights at issue in this
case simply as Eighth Amendment rights.

suffered complications from his failure to receive adequate medical care.

Federal law determines when McCrite's § 1983 cause of action accrued, *see Lawshe v. Simpson*, 16 F.3d 1475, 1478 (7th Cir. 1994), and under federal law, a cause of action accrues "when the plaintiff knew or should have known that [he] had sustained an injury." *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 688 (7th Cir. 2004). For constitutional violations, the cause of action accrues when the plaintiff knew or should have known that his constitutional rights had been violated. *Lawshe*, 16 F.3d at 1478 (citing *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993)); *see Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (*per curiam*). At issue in this case are McCrite's Eight Amendment rights.

The Eighth Amendment's prohibition on the unnecessary and wanton infliction of pain forbids deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006); *Zentmyer v. Kendall Co.*, 220 F.3d 805, 810 (7th Cir. 2000). Under the allegations in the complaint, it is clear that McCrite was aware from September 25, 2003, to October 9, 2003, that he had a serious medical need – renal insufficiency that was causing him to suffer nausea, poor appetite, edema in his lower extremities, pain in his chest, abdominal tenderness, back pain and hematemesis. It is also clear that McCrite was aware that the jail personnel and Sheriff's deputies were not providing him the care he needed for this need. Thus, his cause of action for an Eighth Amendment violation accrued at the latest on October 9, 2003, when his untreated medical need became so severe that he had to be hospitalized. That he may not have discovered *all* the consequences that flowed from that deliberate indifference until much later does not prevent the accrual of the cause of action at the time he should have known his constitutional rights had been violated.

4

There is simply no set of facts consistent with the complaint under which McCrite could have learned for the first time any later than October 9, 2003, that his constitutional rights had been violated.

The Court now turns to the issue of whether the complaint was filed within the two years after October 9, 2003. It appears that the original complaint, although filed two days beyond the two-year statute of limitations deadline, was timely filed. Federal Rule of Civil Procedure 6(a) provides rules for counting time:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, *a Sunday, or a legal holiday*, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, *in which event the period runs until the end of the next day* which is not one of the aforementioned days. . . . As used in this rule and in Rule 77(c), "legal holiday" includes . . . Columbus Day. . . .

(emphasis added). Although Rule 6(a) does not expressly mention statutes of limitations, courts generally apply it to compute federal statutes of limitations when the statute does not specifically instruct how to compute the limitations period. *See Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998) (Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)); *see, e.g., Pearson v. Furnco Constr. Co.*, 563 F.2d 815, 818-19 (7th Cir. 1977) (Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1)). This is true even where federal statutes borrow state statutes of limitation, as 42 U.S.C. § 1983 does. *See, e.g., Henderson v. Bolanda*, 253 F.3d 928, 931 n. 2 (7th Cir. 2001); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997).

Under the time computation rules in Rule 6(a), McCrite filed his original complaint

within the two-year statute of limitations.  As noted earlier, his cause of action accrued at the

latest on October 9, 2003.  Under Rule 6(a), the two-year period would have expired on October

9, 2005.  However, since October 9, 2005, was a Sunday, and October 10, 2005, was a legal

holiday, Columbus Day, those days were not included in the two-year period, and the two-year

period was effectively extended an additional day to October 11, 2005.  Thus, McCrite's October

11, 2005, complaint was timely.

The Court now turns to the question of whether McCrite's amended complaint naming

GRW for the first time relates back to the timely filed original complaint.

        B.      <u>Relation Back of Amended Complaint</u>

McCrite's amended complaint does not relate back to his original complaint.  Federal

Rule of Civil Procedure 15(c) governs relation back of amended pleadings for statute of

limitations purposes.  Under Rule 15(c)(3), an amended complaint naming a new party or

changing the name of a party relates back to an original complaint if the amendment arose out of

the same conduct, transaction or occurrence as the original pleading and, within the period

allowed for service of the summons and complaint, the new party named had notice of the

institution of the action such that it would not be prejudiced and knew or should have known that

absent a mistake by the plaintiff, the suit would have been brought against it.  Rule 15(c)(1) also

provides that a pleading will relate back if relation back is permitted by the law that provides the

statute of limitations.

        1.      <u>Rule 15(c)(3)</u>

There is no question that the amended complaint alleges the same conduct and

occurrences as the original complaint.  However, GRW did not receive notice of the action

within the time allowed for service of the summons and complaint, which under Federal Rule of

Civil Procedure 4(m) was within 120 days after the complaint was filed – on or before February

8, 2006.  The record reveals it was not served until December 13, 2006.  McCrite does not

present any legal basis for holding GRW accountable for earlier service on CSC, and the Court

will not invent one for him.  *See County of McHenry v. Insurance Co. of the West*, 438 F.3d 813,

818 (7th Cir. 2006); *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995).  Not

knowing of the suit, GRW could not have had any reason to know the suit was intended to be

against it instead of CSC.  For these reasons, the amended complaint does not relate back to the

original complaint under Rule 15(c)(3).

        2.      <u>Rule 15(c)(1)</u>

McCrite believes that under Illinois law, his amended complaint is merely a correction of

a misnomer and should therefore relate back to the original complaint.  He argues that the

original complaint simply misnamed GRW as CSC and that his amended complaint simply

corrects the misnomer.

Illinois law provides, "Misnomer of a party is not a ground for dismissal but the name of

any party may be corrected at any time, before or after judgment, on motion, upon any terms and

proof that the court requires."  735 ILCS 5/2-401(b).  A misnomer occurs where a plaintiff sues

and serves the summons on the party it intends to make a defendant, giving that party notice of

the suit, but calls that party by the wrong name.  *Wheaton v. Steward*, 817 N.E.2d 1029, 1032

(Ill. App. Ct. 2004); *Retzler v. Pratt & Whitney Co.*, 723 N.E.2d 345, 356 (Ill. App. Ct. 1999).

Where a misnomer occurs, a party may correct the name of the party sued at any time.  *Wheaton*,

817 N.E.2d at 1032; *Estate of Henry v. Folk*, 674 N.E.2d 102, 104 (Ill. App. Ct. 1996).  The

correction will not impact the effectiveness of the service or the rest of the litigation against the party intended to be the defendant. *See Retzler*, 723 N.E.2d at 356.  A misnomer differs from a case of mistaken identity;  in the former, the plaintiff sues the right party by the wrong name, but in the latter, the plaintiff sues the wrong party. *See Estate of Henry*, 674 N.E.2d at 104.  To determine whether a case involves a misnomer or a mistaken identity, the Court looks to the intent of the party as manifested by the objective facts. *Id.*

The objective manifestations of McCrite's intent in the record of this case show that he did not sue and serve GRW and simply call it by the wrong name.  McCrite admits that he intended to serve the corporation that managed the Randolph County jail, but he misidentified that corporation as CSC, not GRW.  He therefore formed the intent to serve CSC, a completely separate corporation from GRW, served CSC, dealt with its lawyer (who, by the way, is not GRW's lawyer), dismissed it from this case, and was forced to amend the complaint and serve the amended pleading in order to bring GRW into this case.  Based on these facts, this is clearly a case of mistaken identity, not a misnomer.

As noted earlier, under Illinois law, a mistaken identity occurs when the plaintiff names and serves the wrong party. *Retzler*, 723 N.E.2d at 356.  Whether an amended pleading naming the proper party relates back to a pleading reflecting a mistaken identity is governed by 735 ILCS 5/2-616(d), which states that relation back is permitted when:

> (1) the time prescribed or limited had not expired when the original action was commenced; *(2) the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b), received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her;* and (3) it appears from the original and amended pleadings

8

that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant.

(emphasis added).  In a case of mistaken identity, the plaintiff must satisfy all the requirements of § 2-616(d) before an amended complaint will relate back to an earlier one.  *Retzler*, 723 N.E.2d at 357;  *Estate of Henry*, 674 N.E.2d at 104.

McCrite again comes up against the requirement that the intended defendant, GRW, have received notice of the action within the time allowed for service.  GRW did not receive notice until December 13, 2006, well beyond the period for service under Illinois law.  As a consequence, the amended complaint does not relate back to the original complaint under § 2-616(d).

## IV.    Conclusion

For these reasons, the Court finds that McCrite did not file his claims against GRW within the two-year statute of limitations, **GRANTS** GRW's motion to dismiss (Doc. 32), **DISMISSES** McCrite's claims against GRW **with prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATE:  April 19, 2007**

s/ J. Phil Gilbert
**HONORABLE J. PHIL GILBERT**
**DISTRICT JUDGE**

9